**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
BRYAN MCCLURKIN,

                 *Pro se* Plaintiff,                         **ORDER**

        -against-                              CV 15-5685 (JFB) (AKT)

COUNTY OF SUFFOLK, CHARLES WAGNER
#1225, EDWARD MASONE #961, Unnamed
Officer Assigned Shield # 216, and YAPHANK
And RIVERHEAD SERT TEAM,

                 Defendants.
-----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

Judge Bianco referred to this Court the *pro se* Plaintiff's letter motion [DE 111] requesting video "footage of the incident on Feb. 18 2017." *See* DE 112. In looking into this issue, the Court notes that there have been numerous filings by the parties and multiple corresponding Orders issued by the Court addressing what video footage Plaintiff is entitled to and the manner in which he is to receive it. The Court summarizes these filings and Orders below:

On January 30, 2017, the Court directed counsel for Defendants to meet with her clients to determine if video footage exists for alleged events taking place on May 8, 2015, June 22, 2015, and January 28, 2016. *See* DE 33.

- On February 21, 2017, Defendants' counsel filed a letter stating that Defendants only had video footage of an incident occurring on May 15, 2015. *See* DE 38.

- On February 23, 2017, the Court issued an Electronic Order directing Defendants' counsel to turn over a copy of the video footage depicting the May 15, 2015 incident.

- On February 23, 2017, Plaintiff filed a letter to Judge Bianco describing a new incident of alleged assault which allegedly occurred on February 18, 2017. *See* DE 40.

- On March 1, 2017, the Court issued an Order directing Defendants' counsel to provide Plaintiff with news video footage of the May 15, 2015 incident and to obtain video footage of the more recent February 18, 2017 incident, and to do so by March 14, 2017. *See* DE 41.

- On March 10, 2017, the Court issued an Order permitting Defendants to provide Plaintiff access to the video footage of the May 15, 2015 and February 18, 2017 incidents by arranging for him to view the video footage rather than delivering to him copies of the footage while he is incarcerated. *See* DE 45.

- On October 10, 2017, the Court issued a Civil Conference Minute Order stating that

  Defendants' counsel is directed to obtain an affidavit from the person who obtained the video footage at issue in this case stating that the video footage supplied to date is all the footage that defendants have. Defendants' counsel is further directed to send a copy of the video footage to the plaintiff now that he has been released. . . . The Court reiterated several times that plaintiff is not entitled to receive any further discovery from the defendants for incidents which occurred beyond the date of the original complaint – until Judge Bianco resolves the issue of plaintiff's letter seeking to amend his complaint. DE 104.

- Defendants filed an affidavit dated November 1, 2017, stating that their affiant, Matthew Bogert, had reviewed all video footage related to Plaintiff's claims, and that no video footage exists of any incident involving Plaintiff dated June 22, 2015. DE 106. The affidavit further stated that there is video footage of incidents occurring on February 18, 2017 and May 8, 2015, and that that footage was produced on DVDs to Plaintiff previously and was personally shown to Plaintiff by the affiant on March 24, 2017 in the Attorney Visiting Room at the Suffolk County Correctional Facility. *Id*.

Based on this review of the docket, the Court finds that Plaintiff has been given the relevant video footage to the extent that such footage exists and likewise was shown the footage at the Correctional Facility on March 24, 2017. The Court finds that there is nothing further to direct the defendants to do here with respect to any video footage.

If Plaintiff is able to explain the good faith basis for his continuing to ask for this material, Plaintiff may submit a letter to the Court setting forth in specific detail what footage he is referencing and why he believes that defendants have something more than what they have

already turned over to him.  The deadline to file such a letter is 14 days from Plaintiff's receipt of this Order.

**Defendants' counsel is directed to serve this Order on the pro se Plaintiff forthwith by first-class mail and to file proof of such service on ECF by July 25, 2018.**

**SO ORDERED.**

Dated: Central Islip, New York
July 19, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge