**COVINGTON**

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
30 Hudson Yards
New York, NY 10001-2170
T  +1 212 841 1000

**By ECF**                                                        July 17, 2026

The Honorable Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *McClurkin v. Suffolk et al.*, 2:15-CV-5685 (NRM)(LGD) –
Letter Motion to Seal and Redact Documents

Dear Judge Morrison:

Plaintiff Bryan McClurkin respectfully moves pursuant to Section 1.2 of the Court's Individual Practice Rules to seal documents and information constituting Mr. McClurkin's sensitive private information and/or medical information that appear in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions Pursuant to Rule 37 (the "Opposition") and supporting exhibits.  In particular, Mr. McClurkin moves to fully seal Exhibits B, C, and D to the Opposition, which were filed at Dkt. Nos. 278.3, 278.4, and 278.5.  In addition, Mr. McClurkin moves to seal the versions of the Opposition (Dkt. No. 278) and Exhibits J, K, L, and N (Dkt. Nos. 278.11, 278.12, 278.13, and 278.15) that were filed by the Defendants, and to permit the filing of redacted versions of those documents.  Upon consent of the parties, these documents have temporarily been placed under seal by the Court pending the filing and resolution of the instant motion.  As further detailed below, sealing and redaction are warranted because these documents contain Mr. McClurkin's sensitive private information and medical information, and the Court has already previously authorized sealing of some of these documents.  Although Defendants do not agree that information in the documents constitutes sensitive medical information, they do not oppose sealing or redaction of the documents.

In considering whether to seal judicial documents or portions of such documents, courts assess both "the weight of the presumption" of access and whether there are "countervailing factors," such as "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (references omitted).  Sealing or redaction is appropriate if the Court finds that doing so "is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (references omitted).  Applying this standard, the substantial privacy interests implicated by these documents outweigh the right to access, and Mr. McClurkin respectfully submits that the Court should seal and redact these filings.

**COVINGTON**

July 17, 2026
Page 2

## I.    Sealing of Documents Containing Sensitive Private Information or Medical Information

Traditionally private information, such as "illnesses, embarrassing conduct with no public ramifications, and similar matters[,] will weigh more heavily against access than conduct affecting a substantial portion of the public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Additionally, courts regularly seal documents containing medical information to protect patient privacy. *See, e.g.*, *Locus Techs. v. Honeywell Int.'l Inc.*, 2024 WL 5103334, at *8 (S.D.N.Y. Dec. 13, 2024); *Mezu-Ndubuisi v. Univ. of Rochester*, 2025 WL 15578, at *2 (W.D.N.Y. Jan. 2, 2025) ("[P]atient confidentiality is of critical import."); *Robinson v. DeNiro*, 2022 WL 2952071, at *2 (S.D.N.Y. July 26, 2022).

Exhibits B, C, and D to Defendants' Opposition contain sensitive private information and/or medical information concerning Mr. McClurkin, and should be sealed under that standard:

- Exhibit B is a Suffolk County Correctional Facility booking sheet receipt dated May 6, 2015, and it contains responses from Mr. McClurkin concerning his medical condition. *See, e.g.*, *Robinson v. De Niro*, 2023 WL 3728350, at *4 (S.D.N.Y. May 26, 2023).

- Exhibit C is an incident report form dated May 7, 2015.  It contains medical information concerning Mr. McClurkin's medication, his mental health, and related circumstances and events, and thus substantially implicates Mr. McClurkin's privacy interests. *See Locus Techs*, 2024 WL 5103334, at *8.

- Exhibit D is an incident report form dated May 8, 2015.  The Court has previously allowed sealing of this document in connection with Plaintiff's motion for spoliation sanctions. *See* Order dated June 15, 2026.  It contains medical information concerning Mr. McClurkin's medication, and the sensitive and private circumstances that gave rise to the need for medication.  Such private circumstances, which substantially implicate Mr. McClurkin's privacy interests, have no public ramifications concerning the instant motion for spoliation sanctions concerning video evidence. *See Amodeo*, 71 F.3d at 1051.

## II.    Redactions to Deposition Transcripts and the Opposition Brief Describing Sensitive Private Information and Medical Information

Courts allow redaction of transcripts and other documents containing sensitive private information or medical information because "the privacy interest in redacting this information outweighs any public interest in their disclosure." *Robinson*, 2023 WL 3728350, at *4; *see Locus Techs.*, 2024 WL 5103334, at *8; *see generally Amodeo*, 71 F.3d at 1051.  In the case of deposition transcripts, this is especially true where a party "chose to provide the Court with the entire deposition transcripts as opposed to select portions of the transcripts," and "[a]bsent that decision," such information likely "would [not] have been submitted in connection with" the motion papers because it has "no relevance to the Court's determination" of the motion. *Robinson*, 2023 WL 3728350, at *3 n.2.

**COVINGTON**

July 17, 2026
Page 3

Exhibits J, K, L, and N are the full deposition transcripts of Kevin Flaherty, Ronald Maiorino, Michael Sitler, and Daniel McKenna, respectively. Mr. McClurkin requests that the filed versions of these transcripts remain under seal and that the attached redacted versions be filed on the public docket.[1] The proposed redactions would result in the sealing of only those portions of the transcripts that describe Mr. McClurkin's medication and/or mental health condition, and the sensitive and private circumstances that gave rise to the need for medication. Such information, which substantially implicates Mr. McClurkin's privacy interests, has no public ramifications concerning the instant motion for spoliation sanctions. *See Amodeo*, 71 F.3d at 1051; *Locus Techs.*, 2024 WL 5103334, at *8 (sealing deposition testimony concerning individual's medication). Furthermore, such information was only submitted because Defendants chose to provide entire deposition transcripts as opposed to excerpts. The information does not bear on the Court's assessment of Plaintiff's motion for spoliation sanctions concerning video evidence, and likely would not have otherwise been submitted in connection with the motion papers. *See Robinson*, 2023 WL 3728350, at *3 n.2.

Courts also allow narrow redactions to memoranda of law to protect substantial privacy interests, *see, e.g., Dixon v. Reid*, 2025 WL 3652889, at *2 (S.D.N.Y. Dec. 15, 2025), particularly where, as here, the redacted portions of the memorandum have "no connection to the Court's" analysis, and "[t]here is no apparent reason why such details were included in the memorandum." *Novartis Pharma AG v. Amgen, Inc.*, 2020 WL 8878731, at *2 (S.D.N.Y. June 10, 2020). Defendant's Opposition contains descriptions of Mr. McClurkin's medication and the sensitive and private circumstances that gave rise to the need for medication. Such private information, which substantially implicates Mr. McClurkin's privacy interests, has no public ramifications concerning the instant motion for spoliation sanctions. *See Amodeo*, 71 F.3d at 1051. Furthermore, Plaintiff's requested redactions are narrowly tailored to short portions in four sentences of the brief that contain such descriptions and, Mr. McClurkin submits, have "no connection" to the facts relevant to the Court's assessment of whether spoliation sanctions concerning video evidence are warranted. *See Novartis Pharma AG*, 2020 WL 8878731, at *2.[2]

*** 

For the foregoing reasons, Mr. McClurkin respectfully requests the sealing of Exhibits B, C, and D to the Opposition, and that the filed versions of the Opposition and Exhibits J, K, L, and N to the Opposition remain sealed and the attached redacted version of such documents be filed on the public docket.

---

[1] The proposed redacted versions are attached as follows: the redacted version of Exhibit J (Dkt. No. 278.11) is attached as Exhibit J-R; the redacted version of Exhibit K (Dkt. No. 278.12) is attached as Exhibit K-R; the redacted version of Exhibit L (Dkt. No. 278.13) is attached as Exhibit L-R; and the redacted version of Exhibit N (Dkt. No. 278.15) is attached as Exhibit N-R.

[2] The proposed redacted version of the Opposition is attached as Opposition-R.

**COVINGTON**

July 17, 2026
Page 4

Respectfully submitted,

*/s/ Seema Sabu*
Seema Sabu
Kyle Chow
Destinee Haller

Attachments

cc:    Counsel of record (by ECF)