UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRYAN MCCLURKIN,

Plaintiff,

15CV5685 (NRM)(LGD)

-against-

MICHAEL SITLER and RONALD MAIORINO,

Defendants.

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*

DATED: Hauppauge, New York
September 29, 2026
(Filed and served on this date)

Respectfully submitted,

Christopher J. Clayton
Suffolk County Attorney
Attorney for Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
P. O. Box 6100
Hauppauge, New York 11788

By: Kyle Wood
Assistant County Attorney

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................... 1

LEGAL ARGUMENTS.......................................................................... 1

i. Plaintiff's 2023 federal guilty plea to commit murder is relevant and should be permitted ........................................................ 1

ii. The May 2015 criminal convictions are relevant ............................... 3

iii. Plaintiff's disciplinary records at the SCCF are highly relevant based on the nature of the allegations .................................... 4

iv. Plaintiff's substance use history is relevant as to his behavior and causation of alleged injury .......................................................... 5

v. Plaintiff's medical and behavioral health records are admissible ......................................................................... 5

CONCLUSION.................................................................................. 6

CERTIFICATION ............................................................................ 7

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted by Defendants, in opposition of Plaintiff's motion *in limine* seeking to preclude certain evidence. As set forth in more detail below, Defendants respectfully submit that we should not be precluded from questions related to the following:

1. Plaintiff's 2023 federal guilty plea to commit murder.
2. Eliciting testimony or introducing any evidence, regarding the May 2015 criminal charges and in particular those charges to which the plaintiff was convicted.
3. Eliciting testimony or submitting evidence as to plaintiff's disciplinary history within the Suffolk County Correctional Facility.
4. Eliciting testimony at trial of plaintiff's substance abuse.
5. Offering any evidence related to plaintiff's medical treatment records to include his behavioral health records.

For the reasons set forth herein, it is respectfully submitted that plaintiff's in *limine motion* be denied as to these areas of inquiry.

## LEGAL ARGUMENTS

### i. Plaintiff's 2023 federal guilty plea to commit murder is relevant and should be permitted.

Plaintiff's 2023 guilty plea to a violation of 18 U.S.C. § 924(j)(1) for causing death through use of a firearm during a drug-trafficking crime is relevant under Rule 401. The 2023 guilty plea to murder bears on the plaintiff's credibility as a witness at trial under Rule 401. Plaintiff's credibility is vital to the excessive force claim given the disputed facts of the May 8, 2015, cell extraction. The Defendants must be permitted to examine this issue at trial and should not be precluded from that option on a motion in limine. In addition, the period between the

cell extraction at issue and the 2023 plea goes to weight, not admissibility, and the Court holds discretion to provide a limiting instruction rather than a blanket exclusion.

In *Pfotzer v. Aqua Systems*., 162 F.2d 779 (2nd Cir. 1947) the Second Circuit addressed the admissibility of a criminal conviction entered on a plea for purposes of impeaching a witness in a subsequent civil action. The court recognized that any risk of the jury using the plea as substantive evidence of operative facts could be addressed through a limiting instruction, rather than exclusion of the evidence altogether. The court also noted that where there is doubt as to the competency of evidence, the Federal Rules suggests admission rather than a blanket exclusion. The holding determined that the conviction resulting from a plea should have been admitted to impeach the witness's credibility.

Furthermore, under a Rule 403 balancing test, the decision does not automatically favor exclusion merely because evidence is potentially prejudicial. It must be determined that the evidence is unfairly prejudicial. Plaintiff's credibility is the central disputed issue at trial given the contrary testimony provided by every other witness to the cell extraction and the probative value of the guilty plea on credibility is significant. The Court can mitigate any potential prejudice through a limiting instruction directing the jury to consider the evidence only for impeachment purposes and not as propensity evidence.

Finally, the cases cited by the Plaintiff were factually similar to the excessive force allegations, creating a direct propensity inference. Here, the offense of murder through use of a firearm during a drug-trafficking crime, is factually distinct from a cell extraction altercation, reducing the degree of unfair prejudice compared to those cases.

**ii. Testimony and evidence regarding the May 2015 criminal charges and convictions is highly relevant to Plaintiff's allegations.**

The specific nature and circumstances of the May 5, 2015, one car motor vehicle accident, including the way the Plaintiff was involved, is directly and highly relevant to a causation defense. There is a question as to whether the shoulder dislocation Plaintiff claims happened during the May 8, 2015 cell extraction was actually caused by the May 5 car accident. Defendants are not required to accept a stipulation that sanitizes the event and prevents the jury from learning of the relevant context of the accident. A stipulation that plaintiff was involved in a motor vehicle accident does not provide the full evidentiary image relative to a causation defense. The jury should hear the details of the estimated speed of the vehicle and the impact and damage done to the car that Plaintiff was driving.

The Second Circuit has affirmed district court evidentiary rulings allowing a prior arrest, finding no abuse of discretion in the admission of the arrest itself. The Plaintiff will have the opportunity to explain the circumstances of the arrest and accident, including any of the charges and whether they were dismissed. See *Buric v. Kelly*., 157 Fed.Appx. 391 (2nd Cir. 2005)

The County Defendants' causation argument that the shoulder injury predated the May 8, 2015 cell extraction and may be from the May 5, 2015 motor vehicle accident is a non-propensity and valid position under Rule 404(b)(2). Rule 404(b)(2) allows evidence of other acts for purposes including proving the absence of mistake or accident. The arrest records and police paperwork from the May 5 accident document the circumstances of that event. All of this is directly probative of the cause of any prior shoulder injury. It is evidence of a specific prior event offered to show an alternative cause of the injury at issue. Defendants have the right to present this evidence in its full context for the jury to determine if there is a connection between that event and the dislocation of his shoulder.

Plaintiff was convicted of Criminal Tampering in the Second Degree and Operating a Motor Vehicle While Impaired in connection with the May 5, 2015 arrest. Defendants seek to introduce evidence of those convictions under Rule 609(a)(1). The Court should permit the Defendants to establish the underlying convictions through proper conviction records.

### iii. Plaintiff's Disciplinary Records at the Suffolk County Correctional Facility are Highly Relevant Based on the Nature of the Allegations.

Plaintiff's disciplinary files, including any entries from May 5 to May 8, 2015, are directly relevant to the officers' knowledge of his conduct and demeanor at the time of the cell extraction. This information is relevant because it provides context to the objective reasonableness of the officers' response to his behavior. Also, Plaintiff records documenting investigations into alleged threats of assaults on corrections officers during his subsequent incarceration are relevant to show a pattern of behavior that bears on his credibility when he testifies about the nature of his interactions with corrections officers.

Post date of incident disciplinary records may also be relevant to Plaintiff's damages claims. In particular the extent of alleged emotional distress or other harm he claims to have suffered as a result of the incident. (See *Sedney v. Blot.*, 2003 WL 22839801 (S.D. NY 2003) The court held that a plaintiff's claims of emotional injuries arising from an incident with corrections officers placed the causation of those injuries directly at issue, thereby permitting defendants to inquire into and introduce records regarding the plaintiff's history of incidents involving corrections officers.)

Defendants will argue and present testimony that the cell extraction was conducted in accordance with standard protocols and that no excessive force was used at all and in fact the

only force used was to secure his hands in handcuffs. The testimony will reveal that no active extraction took place and the Plaintiff was compliant when he was removed from his cell. Regardless, evidence of Plaintiff's institutional behavior may be relevant to explain why a cell extraction was ordered and conducted in the manner it was. This is a non-propensity purpose to allow this evidence. The Court should conduct a Rule 404(b)(2) analysis rather than categorically excluding the records.

**iv. Plaintiff's Substance Use History is Relevant as to his Behavior and Causation of Alleged Injury.**

Plaintiff's medical records from Good Samaritan Hospital on May 5, 2015, and his intake records from the Suffolk County Correctional Facility on May 6, 2015, contain relevant toxicology results or notations at or near the time of the May 8, 2015 alleged incident. This evidence is directly relevant to Defendants' causation defense.

If the Plaintiff was under the influence of drugs or alcohol at the time of the motor vehicle accident, that information bears on his physical condition, pain threshold, and the presence of any pre-existing shoulder injury. The proximity of the motor vehicle accident, the arrest, and the cell extraction forms a connection that makes these records probative of causation.

**v. Plaintiff's Medical and Behavioral Health Records are Admissible**

Plaintiff's medical records are relevant to show a history of treatment both prior to and after the May 8, 2015 incident and these diagnosis and prognosis are relevant to causation. Behavioral health records from the period surrounding the May 8, 2015 incident are directly relevant to the reasonableness inquiry and the circumstances of the cell extraction. Plaintiff's argument regarding the lack of a defense expert is misplaced. Medical professionals with direct knowledge from the jail medical facility are listed in the JPTO. Notwithstanding this fact, lay

witnesses, including the corrections officers, will testify about their observations of Plaintiff's mental state and behavior and the medical records will corroborate that testimony. (*See Brooks v. Farnum.*, 2020 WL 495171 (N.D. NY 2020) This case involves a question of admissibility of a plaintiff's disciplinary history and Office of Mental Health records in a civil rights action where Defendants sought to introduce the records to demonstrate that their conduct was proper. Court analyzed admissibility of such records under Federal Rules of Evidence 404(b) and 403, providing a framework for evaluating whether institutional mental health records may be introduced to contextualize a defendant's use of force.)

## **CONCLUSION**

For the reasons set forth, it is respectfully submitted that Defendants should not be precluded from questions related to the above referenced evidence and areas of inquiry.

Dated: Hauppauge, New York
September 29, 2026

Respectfully submitted,
Christopher J. Clayton
Suffolk County Attorney
*Attorney for Defendants*
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788
By: Kyle Wood, Assistant County Attorney

**CERTIFICATION**

In accordance with Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the undersigned certifies that the word count in the foregoing Memorandum in Opposition to Plaintiff's Motion in Limine (excluding the caption, table of contents, signature block, and this certification), as established using the word count on the word-processing system used to prepare it, is 1,765 words.

Dated: Hauppauge, New York
September 29, 2026

By: Kyle Wood, Assistant County Attorney